Mitchell D. Schweitzer, J.
The defendant, by writ of error coram nobis, in another of his multiple applications, seeks to vacate a judgment of conviction of the crime of murder in the Second degree on his plea of guilty entered on May 16, 1956. He was thereafter sentenced on June 22, 1956 to the Elmira Reception Center to a term of 20 years to life.
*106 The defendant’s prime thrust on his present application rests on his contention that the facts disclosed when questioned by the court at the time of the entry of his plea are inconsistent with his guilt of murder in the second degree and that the court should have refused to accept his plea (People v. Serrano, 15 N Y 2d 304). In this he is completely in error. An examination of the pleading minutes reveals that the petitioner and his codefendant (who similarly pleaded guilty to murder in the second degree) admitted their participation in a homicide committed during the commission of a felony — i.e., a robbery. Specifically, both defendants admitted that they entered the drug store of the deceased for the purpose of robbing him and did in fact steal a sum of money, and that during the commission of this crime, the drug store owner was shot, and that the wounds inflicted upon him resulted in his death. The defendant’s admission of these criminal acts clearly spelled out his guilt of felony murder (Penal Law, § 1044, subd. 2).
In Serrano (supra), the facts adduced by the court from the defendant spelled out the crime of manslaughter rather than the crime of murder in the second degree to which the defendant pleaded guilty. ■ This case is inapposite in that the dialogue between the court and the defendant reflected the commission of the crime of murder in the first degree, a higher degree of crime. It was only by dispensation of the court and the District Attorney that the defendant was permitted so to plead. In People v. Foster (19 N Y 2d 150) the Court of Appeals upheld the validity of a plea to the crime of attempted manslaughter in the second degree. The court pointed out that had the verdict been the result of a trial, the conviction would be reversed** on the authority of People v. Brown (21 A D 2d 738). However, Judge Soileppi pointed out that the defendant acquiesced in the proceedings, made no objection to his plea at the time of sentence, and therefore no violation of due process of law was present in the case. The range of sentence was less than could have been imposed had the defendant been convicted of the crime charged or a lesser valid degree thereof. The defendant having declined to risk his chances with the jury, he could not now interpose a hypertechnical legal objection to the judgment. In closing, the decision read (p. 154): “ such a plea should be sustained on the ground that it was sought by the defendant and freely taken as part of a bargain which was struck for the defendant’s benefit.” (See, also, People ex rel. Welch v. Wallack, 27 A D 2d 873; People v. Hutson (28 A D 2d 571).
The rationale of Foster (supra) is applicable to this case. Unlike Serra-no, the defendant spoke and understood the Eng- *107 fish language, lie was represented by experienced counsel, admitted talking io his lawyer about the case, and eagerly accepted the benefit of a reduced guilty plea. His present claim, bottomed as it is on case law decided nine years after the entry of the guilty plea, presents no basis for this court to grant the relief sought. Codefendant’s counsel’s remarks at the time of sentence accurately and forcibly point up the reason for the entry of the guilty plea.
Furthermore, it is the opinion of this court that the issue raised in this proceeding has no retrospective application. The principles governing the retroactive application of due process claims have been elaborated upon in Linkletter v. Walker (381 U. S. 618); Tehan v. Shott (382 U. S. 406); Johnson v. New Jersey (384 U. S. 719); Stovall v. Denno (388 U. S. 293); and by our own Court of Appeals in People v. McQueen (18 N Y 2d 337). The criteria set forth in Stovall v. Denno (supra, p. 297) regarding retroactivity, based as they are on the cases set forth above, lead this court to the conclusion that the claim advanced here is not entitled to retrospective application. People v. Serrano (15 N Y 2d 304, supra) was a direct appeal rather than a collateral attack on the judgment. This court holds that Serrano has no retrospective application under the norms and guidelines correlated in Stovall v. Denno (supra).
The remainder of defendant’s contentions are completely without merit and do not warrant any extended discussion.
The motion is denied in all respects.
The District Attorney is directed to forward a copy of the aforesaid decision to the defendant.